Dear Mayor Robert:
This office is in receipt of your request for an Opinion from the Attorney General. You asked "how can the town of Evergreen correct this mistaken election of the town marshall [sic] and retain the mayor's authority to appoint the marshall [sic] `with the advice and consent of the councilmen', as provided in Section 5 of the Charter?" Your concerns and the Attorney General's responses to those concerns are presented as follows.
BACKGROUND
The town of Evergreen was legislatively created by Act 61 of 1872. In Act 61, the following pertinent sections were included:
 SEC. 2. Be it further enacted, etc., That the Governor of the State of Louisiana shall immediately after the passage of this act appoint a mayor and five councilmen in and for the said town of Evergreen, whose term of office shall be for the period of one year, dating from the first Monday of April, A. D. 1872, or until their successors are elected and qualified; and every year thereafter there shall be an election for the said officers by the qualified voters of the town of Evergreen at large.
 ********** SEC 5. Be it further enacted, etc., That the mayor shall within ten days after his election or appointment, as the case may be, appoint with the advice and consent of the councilmen, suitable persons to fill the offices of secretary, treasurer, assessor, collector and marshal of said corporation, who shall hold their offices during the pleasure of the mayor, and the mayor shall fill any vacancy to said offices within ten days after it occurs in the same manner as above provided, and any two or more of said offices may be consolidated, except the treasurer and collector, which shall not be conferred on the same person.[1] *Page 2 
Accordingly, the mayor of Evergreen was empowered with authority to appoint (with the advice and consent of the town's five (5) councilmen) a suitable person to fill the town marshal's office. And said marshal was to hold his office at the mayor's pleasure. As such, it appears the town of Evergreen's marshal was appointed, not elected.
But then in 1939, Section 2 of Act 61 of 1872 was amended. The amendment pertinently stated:
 Proposing an amendment to the Charter of the Town of Evergreen (Act 61 of 1872).
 Section 1. Be it ordained by the Mayor and Board of Aldermen of the Town of Evergreen that, desiring to amend the Charter of the said Town of Evergreen, which is Act 61 of 1872, and do hereby propose that Section 2 of Act 61 of 1872 be amended so as to read as follows:
 "Section 2. That the next election for the officers of said Town of Evergreen, as contemplated in this Act, shall take place on the first Tuesday after the second Monday in June, 1942 and every four years thereafter. The present officers of said Town of Evergreen shall hold their offices until their successors, elected at the first election provided for in this amendment to the Charter of the Town of Evergreen, have qualified; and all laws contrary to this amendment to the Charter of the Town of Evergreen be and the same are hereby repealed."[2]
Accordingly, the next election for Evergreen's officers, as contemplated by Act 61 of 1872, was to take place on the first Tuesday after the second Monday in June, 1942, and every four years thereafter. Evergreen's then present officers were to hold their offices until their successors, elected at the first election provided for in the 1939 amendment, qualified to run for office.
The 1939 amendment to Act 61 of 1872 begs the following question: what "officers" were "contemplated" by Act 61 of 1872? The critical phrase in the 1939 amendment appears to be "as contemplated in this Act". If Act 61
of 1872 exclusively "contemplated" the mayor and the councilmen/aldermen as being the town's only "officers", then it would appear the amendment was silent as to the town's marshal. If the amendment was silent as to the marshal, it would then appear reasonable to assume the marshal remained a mayoral appointment and the amendment did not change his status from that of a mayoral appointee to an elected official. *Page 3 
But if Act 61 of 1872 also "contemplated" the marshal as an "officer" of the town, the 1939 amendment may have altered the town marshal's nature from that of a mayoral appointee to an elected position. Act 61
of 1872, Section 5 identifies the marshal and states the mayor (with the advice and consent of the councilmen) shall appoint suitable persons to fill the marshal's "office". But just because Act 61 of 1872 identified the marshal as having an office did not necessarily entitle him, upon passage of the 1939 amendment, to occupy that office by means of an election.
Apparently, over at least the last fifty (50) years, Evergreen's town marshal has been elected (as per the description provided by Mr. McKay). We were somewhat able to corroborate this by means of an index card filed with the Louisiana Secretary of State.[3] This index card, which appears to have been generated in 1962, states the following: "Act 61 of 1872 says that Mayor with consent of Councilmen shall appoint Marshal, but in actual (over) practice, Marshal is elected". Other than this index card, we were unable to find any evidence of when Evergreen's electorate began voting and/or electing the Town's marshal. To that end, there is no evidence to suggest Evergreen began electing its marshal contemporaneous to the passage of the 1939 amendment or its date of implementation (June, 1942).
FINDINGS RECOMMENDATION
Considering the foregoing, we are of the opinion the 1939 amendment to Act 61 of 1872 did not alter or amend the nature of Evergreen's marshal. The position remained a mayoral appointment. The 1939 amendment concerned only the mayor and the Town's council members because they were the only offices contemplated by Act 61 of 1872 by being of an elected nature.
Consequently, Evergreen's marshal should not have ever been elected; instead, the position should have remained a mayoral appointee. This conclusion creates an inherent conflict with the fact that for the past fifty (50) years, Evergreen's town marshal has been elected. And as recently as September, 2006, Mr. David Blanchard was elected as Evergreen's town marshal after running unopposed. He is scheduled to officially take office as town marshal on January 1, 2007. *Page 4 
In consideration of your specific request for assistance, we offer the following suggestion as to how to correct this mistaken election. We suggest you, as mayor, appoint a town marshal. Evergreen would then have a marshal who is a mayoral appointee and a marshal who was purportedly elected and who awaits the date upon which he can officially take office. At that point in time, either your office or Mr. Blanchard would likely need to file a quo warranto proceeding (under LA. CODE CIV. PROC. art. 3901, et seq.) in an attempt to resolve this dispute.
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Very truly yours, JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ DAVID A. YOUNG Assistant Attorney General
 JDC: DAYatt.

[1] Act. 61 of 1872, §§ 2 and 5.
[2] Ordinance adopted at a regular meeting of the Mayor and Board of Aldermen for the Town of Evergreen, Louisiana, on February 7, 1939.
[3] A copy of the index card from the Louisiana Secretary of State's office is attached hereto as Exhibit "A".